IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MINA, etc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11 C 7140 |
| HEY SUSHI, INC., etc., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

With the Federal Rules of Civil Procedure ("Rules") fast approaching their 75th anniversary, it is unsettling to see the number of lawyers who seem to continue to regard pleading (and, indeed, other aspects of litigation) as a sort of game to see how cute (not in the complimentary sense) they can be, rather than to apply the Rules in the forthright manner that the framers intended. This sua sponte memorandum order is occasioned by a pleading of that type, the Answer and Affirmative Defenses ("ADs") filed by Hey Sushi, Inc. d/b/a Crossroads Public House ("Hey Sushi") in response to the putative class action Complaint brought against it by Michael Mina.

To begin with, there is really no predicate for characterizing a straightforward allegation in a complaint as "a statement of intention to which no answer is required" (see, e.g., Answer ¶¶1 and 4). Moreover, it is both unnecessary and inappropriate for a responsive pleader to go beyond the Complaint's allegations to which a response is called for by

adding repeated reassertions of the type included (for example) in Answer ¶1.

To go on, this Court has no desire to expend the time and effort that would be required to provide chapter and verse as to all the other problematic aspects of Hey Sushi's pleading. Instead it is hoped that Hey Sushi's counsel will pay careful heed to the following examples in this memorandum order and apply the same kind of mindset to every aspect of the Amended Answer that is ordered here:

1. Assertions of the type set out in Answer ¶3 defeat the purposes of notice pleading (which are incumbent on defendants as well as plaintiffs) by failing to identify (except in wholly conclusory terms) the perceived flaws in plaintiff's allegations.

2. Answer ¶¶6 and 8, when fairly read, really appear to call for straightforward admissions.

3. Mina and his counsel are really masters of their own choice of definitions. That being true, Answer ¶12 also calls for a straightforward admission, though Hey Sushi is of course entitled to challenge the propriety or viability of such a class in an appropriate place elsewhere.

4. It seems difficult to justify a straight-out denial of the allegations of Complaint ¶18. Hey Sushi and its counsel may quarrel with Congress' decision to enact the

>legislation on which Mina relies, but that point of view does not justify the denial.

As already indicated, further particularization should be unnecessary as well as a waste of this Court's time. Instead, all that will be added here is the need for Hey Sushi's counsel to take a fresh look at the rest of the Answer through a clearer lens than was used the first time around. And as for the ADs, counsel would be well advised to give further study to Rule 8(c) and the caselaw applying it (see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) in paring down or eliminating the bulk of what has been included in the current pleading.

In summary, the existing Answer and ADs are stricken in their entirety, but without prejudice (of course) to the filing of a self-contained Amended Answer and ADs on or before December 19, 2011. No charge is to be made to Hey Sushi by its counsel for the added work and expense incurred in correcting counsel's errors. Hey Sushi's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 5, 2011