IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael Mina, Individually, and on )
behalf of all others similarly      )
situated,                            )
                                     )
                 Plaintiff,          )
                                     )
        v.                           )     No. 11 C 7140
                                     )
Hey Sushi, Inc., d/b/a Crossroads    )
Public House, an Illinois            )
Corporation,                         )
                                     )
                 Defendant.          )

MEMORANDUM ORDER

This putative class action has recently been referred to Magistrate Judge Young Kim, at the parties' request, for consideration of its possible resolution short of trial. In the meantime this Court has just received the Amended Answer and Affirmative Defenses ("ADs") filed by defendant Hey Sushi, Inc. in response to the Amended Class Action Complaint. This sua sponte memorandum order addresses a problematic aspect of that responsive pleading.

What the Complaint charges is a violation of the portion of 15 U.S.C. § 1681c(g)(1)[1] that bars any recipient of a charge against a credit card or debit card from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." That provision was the subject of an

---

[1] All further references to Title 15's provisions will simply take the form "Section--," obviating the need to repeat the full statutory citation.

amendment, embodied in Section 1681n(d) declaring that any person who printed an expiration date on a receipt between December 4, 2004 and June 3, 2008, but who otherwise complied with the statutory requirements, would not be exposed to the potential of being held in willful noncompliance because of having printed the expiration date.

In this instance Complaint ¶ 9 alleges that the challenged noncompliant receipt was received by plaintiff Michael Mina ("Mina") on May 7, 2010 (almost two years after the June 3, 2008 cutoff date), and the proposed class period under Complaint ¶ 12 refers only to transactions occurring after the June 3, 2008 date.  Yet AD 2 seeks to elevate the policy that assertedly led to enactment of that gap-period provision into a universal proposition that would bar Mina's individual claim -- and indeed the entire Complaint.

Any such transmutation of base metal into gold would do credit to the alchemists of the Middle Ages.  But as a legal proposition it is obviously nonsensical, and AD 2 is stricken.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    December 22, 2011

2